UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRED ZEMEL, individually, and on behalf of all other consumers, <br><br>         Plaintiff, <br><br>    vs. <br><br> LYONS, DOUGHTY & VELDHUIS, P.C. <br><br>        Defendant. | ) Case No.: <br> ) <br> ) <br> ) <br> ) COMPLAINT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff, Fred Zemel (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1.  This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.   Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.  Plaintiff is a natural person, who at all relevant times has resided in Newark, New Jersey.

1

5.   Defendant Lyons, Doughty & Veldhuis, P.C. ("LDV") is a business entity that regularly conducts business in New Jersey with its principal place of business located at 525 Route 73 North, Suite 400 Marlton, NJ 08053. LDV regularly collects debts on behalf of others.

## FACTUAL STATEMENT

6.    On or about November 2024, LDV sought to collect an alleged debt from Plaintiff in connection with a personal credit card.

7.    In furtherance thereof, Defendant mailed Plaintiff a dunning letter.

8.    The letter was two pages, double sided, with content on each of these four pages.

9.    The second and third page of the letter contained the same exact warning: Notice: Your balance may increase in the future due to other charges allowed by your agreement and/or by law.

10.    Both the second and third pages, of the four-page letter, was exclusively dedicated to conveying this message.

### False Threats

11.    The repetition, and exclusive content, on two out of four pages of the letter, was sent to convey a clear message to the debtor: pay up, or see significant increases in the balance owing.

12.    The letter does not convey that such balances would increase as a result of subsequent conduct by the debt collector, for instance, the filing of a lawsuit. Rather, that such "other charges" would accrue in the "future" if no payment is made in short order.

13.    In truth, Defendant had no intention of seeking "other charges" allowed by any agreement.

14.    Upon information and belief, Defendant in practice, policy or by contract, does not seek "other charges" allowed by agreement.

15.    Similarly, Defendant had no intention of seeking "other charges" allowed "by law." Although, not entirely clear as to its meaning, it seems to imply that there may be a legal ability to apply extra charges to a collection account that Defendant is collecting on.

16.    Despite Defendant's clear lack of any intention to seek such "other charges," Defendant prominently displayed this threats on two separate pages of the letter.

17.    By presenting and prominently displaying such threats, Defendant's letter was false, deceptive and misleading.

18.    The impact on said threats was tangible. Plaintiff, much like the least sophisticated consumer, was fearful after reading this language. The language subjected Plaintiff to a significant increase, in an already sizeable debt.

19.    After being fearful of a significant debt increase, Plaintiff was (falsely) incentivized to pay the debt or make arrangements before the debt would accrue further. To prevent this from occurring, Plaintiff conducted a review of his financial abilities to pay the debt.

20.    Plaintiff was emotionally harmed by the false threats, and remained fearful that this alleged debt would continue to rise each and every day.

**Multiple Interpretations**

21.    Defendant's letter is also violative of the FDCPA due to the existence of multiple interpretations which are confusing both to Plaintiff and the least sophisticated consumer.

22.    The phrase "other charges" is simply open to many interpretations. These interpretations include: interest, late fees, collection fees, and charge off fees.

23.    Neither Plaintiff, nor the least sophisticated consumer, can understand what exactly Defendant is conveying they are capable of collecting in the event of nonpayment.

24.    By keeping Plaintiff, and the least sophisticated consumer in the dark, as to what fees are referenced, Defendant is intentionally seeking to cause worry to the consumer and incentivize payment. For instance, a reasonable consumer may believe other charges refers to interest. And so, the debt will increase daily. Another consumer, would reasonably believe, the fee is a collection fee. This could

be a contingent fee (warranting a $5,000+ fee, in this case), or a collection fee

based on work completed.

25.     By placing ambiguous language in the collection letter, Defendant has placed

Plaintiff, and the least sophisticated consumer, at its mercy, to incentivize payment.

26.     Defendant's ambiguity has led Plaintiff to worry, loss of sleep, and stomach

issues.

## CLASS ACTION ALLEGATIONS

### The Class

27.     Plaintiff brings this as a class action.

28.     Plaintiff seeks certification of the class, initially defined as follows:

> All consumers within the United States that were sent a collection
> letter with the language: Notice: Your balance may increase in the
> future due to other charges allowed by your agreement and/or law for
> debts incurred primarily for personal or household use, within one
> year of filing this complaint through judgment.

29.     Excluded from the Class is Defendant herein, and any person, firm, trust,

corporation, or other entity related to or affiliated with the defendant, including,

without limitation, persons who are officers, directors, employees, associates or

partners of Defendant.

### Numerosity

30.     Upon information and belief, Defendant has engaged in the same course of

conduct, each of which violates consumer protection laws. The members of the

Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

31.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## Common Questions of Law and Fact

32.    There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant is liable for any cause of action herein alleged; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

33.    The Plaintiff's claims are typical of the claims of the Class members.  Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein.

Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### **Protecting the Interests of the Class Members**

34.    Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

35.    Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### **Proceeding Via Class Action is Superior and Advisable**

36.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

37.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

38.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

39.    Certification of a class is also appropriate in that the questions of law and fact common to members of  the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

40.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

41.    Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

42.    Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

43.    Plaintiff realleges the above paragraphs as if recited specifically as set forth at length herein.

44.     Defendant's false representations and harassment concerning the debt violate 15 U.S.C. §§ 1692c, d, e, e(2), e(5) and e(10).

WHEREFORE, PLAINTIFF PRAYS that this court do the following:

(1) Certify the class as described herein;

(2) Appoint Plaintiff as Lead Plaintiff;

(3) Appoint Zemel Law as lead counsel;

(4) Award statutory and actual damages;

(5) Award attorney's fees and costs.

## JURY TRIAL DEMAND

45.  Plaintiff demands a jury trial on all issues so triable.

Dated: February 13, 2025

Respectfully Submitted,

*Nicholas Linker, Esq.*

Nicholas Linker
ZEMEL LAW, LLC
400 Sylvan Ave.
Suite 200
Englewood Cliffs, New Jersey 07632

T: (862) 227-3106
F: (973) 282-8603
nl@zemellawllc.com
Attorneys for Plaintiff