**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRED ZEMEL, individually, and on behalf of all other consumers<br><br>Plaintiff,<br><br>v.<br><br>LYONS, DOUGHTY & VELDHUIS, P.C.,<br><br>Defendant. | Civil Action No. 25-01219 (SDW) (JRA)<br><br>**OPINION**<br><br>September 1, 2026 |

**WIGENTON**, District Judge.

Before this Court are Defendant Lyons, Doughty & Veldhuis, P.C.'s ("Defendant") Motion for Summary Judgment (D.E. 45) pursuant to Federal Rule of Civil Procedure ("Rule") 56 and Plaintiff Fred Zemel's ("Plaintiff") Motion for Class Certification (D.E. 46). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. This opinion is issued without oral argument pursuant to Rule 78. Having considered all the submissions filed in connection with the Motions, this Court makes the following determinations.

## I. FACTUAL BACKGROUND[1] AND PROCEDURAL HISTORY

The following facts are undisputed. Based on an accepted credit card application, Capital One provided Plaintiff Fred Zemel ("Plaintiff") with a credit card account ending in 9915 (the "Account") and a copy of the Capital One Customer Agreement ("Customer Agreement"), which

[1] Facts cited in this opinion are drawn primarily from Defendant's Statement of Undisputed Material Facts (D.E. 45-1 ("Defs' Statement")); and Plaintiff's Response to Defendants' Statement of Undisputed Material Facts (D.E. 49 ("Pl.'s Response")).

provided the terms and conditions governing the use of his credit card. (Defs' Statement ¶ 1; Pl.'s Response ¶ 1.) Plaintiff later defaulted on his Capital One account and Capital One charged off his balance of $18,702.79. (Defs' Statement ¶4; Pl.'s Response ¶ 4.) After being charged off, the Account was referred for collection to Defendant, who was authorized under the terms of the referral to file suit against Plaintiff. (Defs' Statement ¶ 5; Pl.'s Response ¶ 5.) The Account Default provisions of the Customer Agreement provide that upon default, Capital One may file a lawsuit and collect court costs, expenses and attorney fees from Plaintiff. (Defs' Statement ¶ 6; Pl.'s Response ¶ 6.) After Plaintiff's account was referred to Defendant, Defendant intended to seek recovery of the expenses of filing and service in accordance with the terms of Plaintiff's Customer Agreement upon the filing of a lawsuit. (Defs' Statement ¶ 7; Pl.'s Response ¶ 7.)

On November 22, 2024, Defendant sent an initial communication letter (the "Letter") to Plaintiff, stating that as of June 17, 2024, Plaintiff owed Capital One $18,702.79. (Defs' Statement ¶ 8; Pl.'s Response ¶ 8.) The letter further stated that Plaintiff's "balance may increase in the future due to other charges allowed by your agreement and/or by law." (*Id.*) After receiving no response from Plaintiff, on February 3, 2025, Defendant filed suit against Plaintiff on behalf of Capital One (the "Collection Suit") and sought the charged off balance of $18,702.79, plus expenses of $82.00, representing the filing fee and service fee. (Defs' Statement ¶ 9; Pl.'s Response ¶ 9.) Following the commencement of the Collection Suit, on February 13, 2025, Plaintiff filed this instant matter. (Defs' Statement ¶ 11; Pl.'s Response ¶ 11.); (D.E.1.) Plaintiff's claims under 15 U.S.C. § 1692(c) and § 1692(d) are based solely on the November 22, 2024 letter. (Defs' Statement ¶ 12; Pl.'s Response ¶ 12.)

Further, Plaintiff filed the instant matter as a putative class action, asserting a single claim for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (the "FDCPA").

(D.E. 1.) Specifically, Plaintiff alleges that Defendant violated §§1692(c), (d), (e), (e)(2), (e)(5) and (e)(10). (*Id.*) Following discovery, Defendant now moves for summary judgment. (D.E. 45.) All briefing was timely completed.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party makes this showing, the burden shifts to the nonmovant who "must set forth specific facts showing that there is a genuine issue for trial." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288–89 (3d Cir. 2018) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)). Although courts view all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor, the nonmoving party cannot simply rely on the "mere allegations or denials of his pleadings." *Id.* at 288. Similarly, "[b]are assertions, conclusory

allegations, or suspicions will not suffice." *Id.* at 288–89 (quoting *Central Dauphin*, 765 F.3d at 268–69). If the nonmoving party fails to make an adequate showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

On summary judgment, the court may not make credibility determinations or weigh the evidence; instead, the nonmoving party's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 255). "[T]he court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial … constru[ing] the facts and inferences in the light most favorable to the non-moving party." *Capitalplus Equity, LLC v. Prismatic Dev. Corp.*, Civ. No. 07-321, 2008 WL 2783339 (D.N.J. July 16, 2008).

There is, however, "no issue for trial unless the nonmoving party can demonstrate that there is sufficient evidence favoring the nonmoving party so that a reasonable jury could return a verdict in that party's favor." *First Valley Leasing, Inc. v. Goushy*, 795 F. Supp. 693, 696 (D.N.J. 1992). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Am. Seating Co. v. Archer Plastics Inc.*, Civ. No. 11-53, 2012 WL 2937338, at *6 (D.N.J. July 18, 2012) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). Self-serving, conclusory affidavits and testimony, when contradicted by other record evidence, are insufficient to create a genuine dispute of material fact. *Irving v. Chester Water Auth.*, 439 F. App'x 125, 127 (3d Cir. 2011) (finding "self-serving deposition testimony" which conflicted with deponent's "earlier testimony and … other record evidence … insufficient to raise a genuine issue of material fact"); *Marrin v. Cap. Health Sys., Inc.*, Civ. No. 14-2558, 2017

WL 2369910, at *17–20 (D.N.J. May 31, 2017) (granting summary judgment despite nonmovant's "conclusory" affidavit contradicted by record evidence).

## III. DISCUSSION

The FDCPA, 15 U.S.C. § 1692, *et seq.*, provides private causes of action to consumers who have suffered "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Courts analyzing FDCPA claims apply a "least sophisticated debtor" standard which is lower than "simply examining whether particular language would deceive or mislead a reasonable debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)) (internal quotation marks omitted). However, a debtor cannot disregard responsibilities or adopt "bizarre or idiosyncratic interpretations of collection notices," as the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Wilson*, 225 F.3d at 354–55 (internal quotations and citations omitted). The issue of "[w]hether language in a collection letter violates the FDCPA is a question of law." *Szczurek v. Prof'l Mgmt. Inc.*, 627 Fed. Appx. 57, 60 (3d Cir. 2015) (citing *Wilson*, 225 F.3d 350 at 353 n. 2).

To prevail on a FDCPA claim, "a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015). The parties do not dispute that Plaintiff is a consumer, Defendant is a debt collector, or that Defendant's Letter was an attempt to collect a debt under the FDCPA. Therefore, the only issue before this Court is whether the Letter violated a provision of the statute.

### A. Section 1692e Claims

Section 1692e of the FDCPA generally prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and includes a non-exhaustive list of prohibited conduct including the "false representation of the character, amount, or legal status of any debt, or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, the "threat to take any action that cannot legally be taken or that is not intended to be taken," and using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e and (2), (5), (10). A communication is false, deceptive or misleading "when it can reasonably be read to have two or more meanings, one of which is inaccurate or contradictory to another requirement." *Devito*, 908 F. Supp. 2d at 571 (citing *Wilson*, 225 F.3d at 354); *see also Campuzano–Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir. 2008). Further, any allegedly false or misleading statements are only actionable if they are material. *See Jensen*, 791 F.3d at 421 (holding that "a statement in a communication is material if it is capable of influencing the decision of the least sophisticated debtor"). This materiality requirement "preclude[es] only claims based on hypertechnical misstatements under Section 1692e that would not affect the actions of even the least sophisticated debtor." *Id.* at 422.

Plaintiff contends that Defendant's Letter violated Sections 1692e(2), (5), and (10) of the FDCPA because the phrase "the balance may increase in the future due to other charges" is open to multiple interpretations, of which at least one is false. According to Plaintiff, the phrase "other charges" is deceptive and misleading because the least sophisticated consumer could reasonably interpret "other charges" to mean collection costs, collection fees, late fees, or interest and therefore, the Letter is not clear as to what exactly Defendant is capable of collecting. Plaintiff also contends that the Defendant's use of the phrase "other charges" is false because Defendant

only seeks to collect filing and service fees rather than the other aforementioned costs. Thus, Defendant seeks to intentionally cause worry to the least sophisticated consumer and incentivize payment. In seeking summary judgment as to these claims, Defendant argues that the Letter does not violate the FDCPA because (1) the Customer Agreement provides for recovery of expenses if a collection suit is filed; and (2) the letter was not false, misleading, or deceptive under 15 U.S.C. § 1692e because Defendant intended to file suit when the letter was sent.

This Court is not convinced by Plaintiff's argument that the phrase "the balance may increase in the future due to other charges" is false and misleading. The least sophisticated debtor is expected to read the debt collection letter in its entirety and "should be familiar with the underlying documents governing the debt." *Saroza v. Lyons, Doughty & Veldhuis, P.C.*, No. 17-00523, 2021 WL 2549273, at *6 (D.N.J. June 22, 2021). Here, there is no genuine issue of material fact regarding whether, in the event of default, the Customer Agreement provides for the recovery of expenses, including court costs. (Defs' Statement ¶ 6; Pl.'s Response ¶ 6.) Nor does Plaintiff dispute that the Letter informed him that his balance may increase due to "other charges allowed by [his] agreement." (Defs' Statement ¶ 8; Pl.'s Response ¶ 8.) The Letter accurately informed Plaintiff that his balance may increase as permitted by the Customer Agreement and puts the least sophisticated consumer on notice that the Customer Agreement dictates the range of costs the Defendant may collect, including court costs. Thus, Plaintiff's assertion that the least sophisticated consumer would not understand what exactly Defendant is conveying that they are capable of collecting is not supported. Even if the phrase "other charges" could lead to mild confusion, at bottom, the least sophisticated consumer would be directed to review the Customer Agreement.

As such, this Court finds that the Letter would not mislead or deceive the least sophisticated debtor, as the Customer Agreement permits the recovery of court costs and the Letter explicitly

states that "other charges" refers to charges allowed by the Customer Agreement. Accordingly, as a matter of law, the Letter was not false, deceptive or misleading. Therefore, Defendant is entitled to summary judgment as to Plaintiff's Section 1692e claims.

### B. Section 1692c and 1692d Claims

Defendant argues that Section 1692c is not implicated under the facts of this case and summary judgment should be granted as to Plaintiff's Section 1692c claim. Section 1692c governs communications in connection with debt collection and contains four sub-sections. The first sub-section, 1692c(a), forbids a debt collector from communicating directly with a consumer if "the debt collector knows the consumer is represented by an attorney with respect to such debt...." 15 U.S.C. § 1692c(a)(2). The second sub-section prevents a debt collector from communicating, in connection with the collection of any debt, with any person other than the consumer. 15 U.S.C. § 1692c(b). The third sub-section, 1692c(c), provides that if a consumer has notified a debt collector in writing that they refuse to pay a debt or that they wish the debt collector to cease communicating with them, the debt collector shall not communicate further with them except to notify the consumer that the debt collector "may invoke" or "intends to invoke a specified remedy." 15 U.S.C. §§ 1692c(c) (2)-(3). The fourth sub-section defines the term "consumer." 15 U.S.C. § 1692c(d). Here, Plaintiff fails to cite or mention which sub-sections of Section 1692c that Defendant allegedly violated. Moreover, this Court finds that Plaintiff has abandoned his Section 1692c claim because he did not address it in his opposition to Defendant's summary judgment motion. *See Castillo v. Viso*, No. 17-05255, 2024 WL 3594351, at *11 (D.N.J. July 31, 2024) (holding that plaintiff abandoned claims that she did not address in her opposition to defendants' summary judgment motions); *see also Curtis v. City of Newark*, No. 19-17499, 2024 WL 3594329, at *5 (D.N.J. July 31, 2024) ("Plaintiff failed to respond to this claim in opposition to Defendant's

summary judgment motion and therefore waives any argument in support of its survival."). Therefore, summary judgment is granted as to Plaintiff's Section 1692c claim.

Next, Section 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and goes on to enumerate a non-exhaustive list of conduct that may be deemed harassing, oppressive, or abusive. 15 U.S.C. § 1692d. This includes using threats, violence, obscene language, publishing a list of debtors refusing to pay, and advertising debt for sale to coerce payment. *Id.* "The question of whether a debt collector engages in 'harassing, annoying, or abusive' conduct is ordinarily an issue of fact for the jury." *Rush v. Portfolio Recovery Assocs. LLC*, 977 F. Supp. 2d 414, 429 (D.N.J. 2013) (citations omitted). "Nevertheless, if the debt collector's conduct has—or does not have—the natural consequence of harassing, oppressing or abusing the consumer as a matter of law, summary judgment is appropriate." *Feuerstack v. Weiner*, No. 12-4253, 2014 WL 3619675, at *6 (D.N.J. July 22, 2014) (internal quotations omitted).

Here, Plaintiff's Section 1692d claim is premised on the notion that Defendant's conduct in sending the Letter with the phrase "other charges" was harassing, oppressive, and abusive because the Letter contained a false threat. Specifically, Plaintiff contends the phrase "other charges" may refer to additional fees that Defendant did not intend to collect. Plaintiff is not entitled to relief under Section 1692d because he does not allege any unfair or unconscionable conduct that is not already addressed by his Section 1692e claims. As this Court determined above, the Letter was not false, deceptive or misleading. Defendant's Letter does not implicate any of the listed harassing or abusive practices under Section 1692d, and it is not analogous to any of them. As such, Plaintiff has not demonstrated any conduct which would naturally tend to harass, oppress, or abuse. Accordingly, summary judgment is granted as to Plaintiff's Section 1692d claim.

**C. Plaintiff's Motion for Class Certification**

Because this Court has granted summary judgment in favor of Defendant, there is no need to decide Plaintiff's class certification motion. Accordingly, Plaintiff's class certification motion is denied as moot. *See Saroza v. Lyons, Doughty & Veldhuis, P.C.*, No. 17-00523, 2021 WL 2549273, at *4 (D.N.J. June 22, 2021) (granting summary judgment and denying class certification motion as moot); see also *Leyse v. Bank of Am., Nat'l Ass'n*, No. 11-7128, 2020 WL 1227410, at *8 (D.N.J. Mar. 13, 2020), *aff'd*, 856 F. App'x 408 (3d Cir. 2021) (same).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Class Certification is **DENIED AS MOOT**. An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: José R. Almonte, U.S.M.J.
Parties